**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————

:

MUNICIPAL EXCESS LIABILITY      :

RESIDUAL CLAIMS FUND and      :

MUNICIPAL EXCESS LIABILITY      :

JOINT INSURANCE FUND,      :      Civil Action No. 99 cv 05657 (JAG)

:

:      **OPINION**

Plaintiffs,      :

:

v.      :

:

SAFETY NATIONAL CASUALTY      :

CORPORATION (f/k/a SAFETY MUTUAL :

CASUALTY CORPORATION), et al.,      :

:

Defendants.      :

———————————————————:


**GREENAWAY, JR., U.S.D.J.**

     This matter comes before this Court on the motion of Defendants Joseph L. Vozza

Administrative Services, Inc. ("VAS") and Joseph L. Vozza ("Vozza") (collectively,

"Defendants") to dismiss Plaintiffs' Municipal Excess Liability Residual Claims Fund

("MELRCF") and Municipal Excess Liability Joint Insurance Fund ("MELJIF") (collectively,

"Plaintiffs" or "MELJIF") First Amended Complaint ("Amended Complaint"), pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure.  For the reasons set forth below, Defendants'

motion is denied as moot and this matter is remanded to the Superior Court of New Jersey, Law

Division, Morris County, pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

Plaintiffs are New Jersey Statutory Joint Insurance funds with their principal place of business in the State of New Jersey.  (Amended Complaint dated July 23, 2003 ("Am. Compl."), at 2; Defs.' Br. in Supp. of Mot. to Dismiss ¶ 1.)  Plaintiffs initially filed a four-count complaint against its excess workers compensation carrier, Safety National Casualty Corporation (f/k/a Safety Mutual Casualty Corporation) ("Safety"), which is a Missouri based corporation with its principal place of business in Missouri; and against its insurance broker, Arthur J. Gallagher & Company of New York, Inc. ("Gallagher"), a foreign corporation with its principal place of business in New York, in the Superior Court of New Jersey on or around October 27, 1999.[1] (Defs.' Br. in Supp. of Mot. to Dismiss ¶ 3.)  On or about December 7, 1999, Safety, with Gallagher's consent, timely removed the action on the grounds that this Court had diversity jurisdiction.[2]

Safety and Gallagher answered the complaint on or about December 22, 1999, and discovery continued until December 22, 2000, when Safety and Gallagher asserted a third-party complaint against VAS, Vozza Agency, and Vozza.  (Pls.' Br. in Opp'n to Mot. to Dismiss 2.) The third-party complaint asserted only state law claims.  (Pls.' Br. in Opp'n to Mot. to Dismiss 2.)  VAS, Vozza Agency, and Vozza answered the third-party complaint, asserted a counterclaim for contribution and indemnification, and included a counterclaim for contractual

---

[1]Only state law claims were alleged in the complaint.

[2]Safety asserted diversity jurisdiction, pursuant to 28 U.S.C § 1441, in that (i) Plaintiffs were New Jersey statutory joint insurance funds while (ii) Safety was a Missouri corporation and (iii) Gallagher was a New York corporation, with the amount in controversy exceeding $75,000. (Pls.' Br. in Opp'n to Mot. to Dismiss 2.)

2

indemnification against MELJIF, all state law claims.[3]  (Pls.' Br. in Opp'n to Mot. to Dismiss 2.)

In February of 2002, Plaintiffs moved to amend their complaint to assert a direct claim against

then third-party defendants/third-party plaintiffs/counterclaim plaintiffs, VAS and Vozza.[4]  (Pls.'

---

[3]Additional third-party defendants, Willis Group Limited and Willis of New Jersey, Inc., were joined, as was Nisivoccia & Gilbert, as a fourth-party defendant.  These parties have been dismissed.

[4]A brief summary of the facts that form the basis of Plaintiffs' complaint and Amended Complaint is in order (the Court need not address the merits of Plaintiffs' Amended Complaint). In 1988 Safety (via Gallagher) issued an insurance policy ("1988 Policy") to MELJIF, providing excess worker's compensation employment coverage.  (Am. Compl. ¶ 8.)  The covered period commenced January 1, 1988, and ran through December 31, 1988.  (Am. Compl. ¶ 8.)  In February 1988, an employee made a serious claim (the "Byrne claim") with long term implications on the 1988 Policy.  (Am. Compl. ¶ 10.)  In May 1988, Safety informed MELJIF that there was a $5 million limit on coverage for the 1988 Policy.  (Am. Compl. ¶ 11.)  MELJIF demanded that Safety indemnify them beyond the $5 million limit, because when the policy was issued, they were a) not informed of any limit; and b) under the impression that there was no limit on the policy.  (Am. Compl. ¶¶ 12-13.)  Safety refused to pay more than $5 million on the 1988 Policy.  (Am. Compl. ¶ 14.)  Subsequently, MELRCF purchased retroactive worker's compensation insurance from Safety to cover the Byrne claim expenses.  (Am. Compl. ¶ 16.)  In 1987, MELJIF and VAS entered into a written contract whereby VAS became the administrator of MELJIF, and was responsible for assisting the excess insurance fund with the purchase of insurance.  (Am. Compl. ¶ 35.)  VAS was authorized to purchase excess worker's compensation insurance to statutory limits.  (Am. Compl. ¶ 35.)  This purchase was ratified by MELJIF's executive committee (the "committee").  (Am. Compl. ¶ 37.)  The committee believed they had purchased the statutory amount of coverage in accordance with the authority granted to VAS. (Am. Compl. ¶ 38.)
Plaintiffs claim that:
(1) the 1988 Policy had no monetary limit (Am. Compl. ¶ 17);
(2) if there was a limit then Gallagher, as an agent of Safety, was negligent and intentionally misled MELJIF (Am. Compl. ¶¶ 19-21);
(3) if there was a limit then Gallagher concealed the policy limitation and defrauded MELJIF (Am. Compl. ¶¶ 25-30);
(4) if Gallagher knew the 1988 Policy had a $5 million cap but intentionally failed to disclose this to MELJIF, Gallagher committed unconscionable commercial practices violating New Jersey's Fraud Act ( Am. Compl. ¶¶ 32-33);
(5) if VAS authorized Gallagher to buy $5 million in coverage versus the statutory amount of coverage, VAS breached their contract with MELJIF, deviated from their given authority, and concealed this information from MELJIF's committee (Am. Compl. ¶ 41); and

Br. in Opp'n to Mot. to Dismiss 3.)  VAS and Vozza opposed Plaintiffs' motion, but did not raise

a jurisdictional argument.  (Pls.' Br. in Opp'n to Mot. to Dismiss 3.)  Plaintiffs filed and served

the Amended Complaint, which included direct claims by Plaintiffs against VAS and Vozza, in

June of 2003.  (Pls.' Br. in Opp'n to Mot. to Dismiss 3.)  In their answer to the Amended

Complaint, VAS and Vozza asserted claims for contribution, and indemnification, together with

a "counterclaim for contractual indemnification."  (Pls.' Br. in Opp'n to Mot. to Dismiss 3-4.)

Defendants did not assert a FED. R. CIV. P. 12(b)(1) defense in their Answer.  (Pls.' Br. in Opp'n

to Mot. to Dismiss 3-4; Affidavit of James J. Higgins ("Higgins Aff."), at ¶ 10, Ex. B.)  On

August 29, 2003, Plaintiffs filed their Answer to the counterclaim of VAS and Vozza.  (Higgins

Aff. ¶ 11, Ex. C.)

      Thereafter, Plaintiffs settled with Defendants Safety and Gallagher, and a stipulation of

dismissal was filed with this Court.  (Higgins Aff. ¶ 12, Ex. D.)  As currently structured, the

matter is: Plaintiffs MELRCF/MELJIF, versus Defendants, VAS (breach of contract) and Vozza

(breach of fiduciary obligations) and Defendants VAS and Vozza, versus Plaintiffs,

MELRCF/MELJIF (contractual indemnity counterclaim), all state law claims.  (Pls.' Br. in

Opp'n to Mot. to Dismiss 4.)  The two contract claims are based upon the same contract.  (Pls.'

Br. in Opp'n to Mot. to Dismiss 4.)

      Two years after the asserted diversity defeating event and on the eve of trial (set for

October 25, 2005), VAS and Vozza have moved to dismiss the Amended Complaint for lack of

subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), relying on 28 U.S.C. § 1332.

---

(6) as President of VAS, Vozza knowingly and intentionally purchased less
insurance than the amount authorized by the executive committee, and concealed
this information.  (Am. Compl. ¶¶ 44-46.)

(Pls.' Br. in Opp'n to Mot. to Dismiss 4-5.)

## LEGAL STANDARDS

**A.    Standard of Review for a Rule 12(b)(1) Motion to Dismiss**

Motions for dismissal for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time.  See 2 Moore's Federal Practice § 12.30 [1] (Matthew Bender 3d ed. 2005).  Rule 12(b)(1) challenges are either facial or factual attacks.  See id. at § 12.30 [4].  "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true."  Id.  However,"when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts."  Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(l) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Mortensen, 549 F.2d at 891; see also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000).  "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Mortensen, 549 F.2d at 891.  "The [trial] [c]ourt must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction."  Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891.  The plaintiff must not only demonstrate that a controversy existed

at the time it filed suit, but that it continues to exist throughout the litigation.  Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by, Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370 (Fed. Cir. 2004).  A motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim "is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'"  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir.), cert. denied, 501 U.S. 1222 (1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

**B.      Diversity**

28 U.S.C. § 1332(a)(1) requires complete diversity between the parties to a federal claim. Jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state.  See Mennen Co.v. Atlantic Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

**C.      Procedure After Removal: Remand and Subject Matter Jurisdiction**

A district court may remand an action on jurisdictional grounds any time before final judgment.  28 U.S.C. § 1447(c) specifically provides for the remand of a case that has been removed under section 1446 and delineates two categories for removal: (1) a defect in the removal procedure; and (2) the absence of subject matter jurisdiction.  See 28 U.S.C. § 1447(c); see also Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3d Cir. 1995).  28 U.S.C. § 1447(c) states in pertinent part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The language of the statute allows, and indeed actually compels, a district court to address the question of

jurisdiction, even if the parties do not raise the issue.  Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).  "Moreover, the general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte applies equally in removal cases."  Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("[W]hen a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper.") (citations omitted)).  "Courts construe the removal statutes strictly, and any doubts are resolved in favor of remand."  Gefen v. Upjohn Co., 885 F. Supp. 123, 124 (E.D. Pa. 1995) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

## **DISCUSSION**

This Court must be satisfied that it has subject matter jurisdiction over this action. Plaintiffs brought this suit in New Jersey Superior Court on or around October 27, 1999.  Safety and Gallagher (the original Defendants), removed the case to this Court on or about December 7, 1999.  Subsequently, Plaintiffs amended the complaint to assert direct claims against VAS and Vozza, which destroyed diversity, and eliminated this Court's subject matter jurisdiction.  It is undisputed that the Amended Complaint, on its face, alleges only state law causes of action.  On March 1, 2005, Plaintiffs settled with Safety and Gallagher, and stipulated to their dismissal from this action.

As currently structured, the matter is: Plaintiffs MELRCF/MELJIF, versus Defendants,

7

VAS (breach of contract) and Vozza (breach of fiduciary obligations) and Defendants VAS and

Vozza, versus Plaintiffs, MELRCF/MELJIF (contractual indemnity counterclaim).  Because this

Court concludes that it lacks jurisdiction, Defendants' motion to dismiss is denied as moot, and

the action is remanded to the Superior Court of New Jersey, Law Division, Morris County.

Defendant has moved to dismiss the Amended Complaint on the basis that no diversity

exists between Plaintiffs and Defendants because they are both New Jersey citizens, and no

subject matter jurisdiction exists because Plaintiffs have asserted only state law claims.  (Defs.'

Br. in Supp. of Mot. to Dismiss ¶ 8-9.)  Although Defendants have moved to dismiss Plaintiffs'

Amended Complaint, Defendants state in their Reply (Reply Letter dated September 26, 2005

("Defs.' Reply"), at 3) that "Defendants have no objection to remand to the State Court if this

Court deems remand to be the appropriate remedy in this action."

Plaintiffs make two main arguments with respect to this Court's jurisdiction.  First,

Plaintiffs argue that because diversity existed at the time of filing and removal, subsequent

amendment does not defeat jurisdiction.  Second, Plaintiffs argue that despite the fact that

"perfect diversity" no longer exists, a liberal reading of 28 U.S.C. § 1367 could provide the Court

with supplemental jurisdiction.[5]

Despite Plaintiffs' efforts to argue that this Court has or can retain jurisdiction, they also

acknowledge that the Third Circuit has declined supplemental jurisdiction where the Plaintiff has

---

[5]In making this argument, Plaintiffs rely on a comment in <u>Dev. Fin. Corp. v. Alpha Housing & Healthcare, Inc.,</u> 54 F.3d 156, 161 (3d Cir. 1995), where the court noted that the Judicial Improvement Act codified "ancillary jurisdiction" such that § 1367(b) does not deprive district courts of supplemental jurisdiction over a counterclaim of a defending party pulled into court against his will in an existing federal court action.  (Pls.' Br. in Opp'n to Mot. to Dismiss 7.)

amended a complaint to add a non-diverse defendant.  See <u>Mennen Co. v. Atlantic Mut. Ins. Co.</u>, 147 F. 3d 287 (3d Cir. 1998) (granting motion to dismiss based on a lack of subject matter jurisdiction where plaintiff amended the complaint to add a non-diverse defendant); <u>Gilberg v. Stepan Co.</u>, 24 F. Supp. 2d 355 (D. N. J. 1998) (remanding to state court where effective joinder destroyed diversity).

Furthermore, Plaintiffs essentially concede that the Court is at liberty to decline to exercise supplemental jurisdiction, and request that the Court remand, rather than dismiss, this action.  "[S]hould the Court elect to decline to exercise supplemental jurisdiction because the district court has dismissed all claims over which it had original jurisdiction under 28 U.S.C. § 1367(c)(3), the appropriate procedural remedy is remand . . . not dismissal."[6]  (Pls.' Br. in Opp'n to Mot. to Dismiss 10.)

In their Reply, Defendants contend that Plaintiffs "agree that the Federal Court no longer has jurisdiction over this matter" (Defs.' Reply 1), because Plaintiffs state in their brief, "it is

---

[6]In support of their request for remand versus dismissal, Plaintiffs note that in light of the upcoming trial, "neither party would wish to bear the expense and frustration of two trials in the event there is a subject matter jurisdictional deficiency."  (Pls.' Br. in Opp'n to Mot. to Dismiss 9-10.)  Furthermore, Plaintiffs argue that:

> A dismissal, as opposed to remand, would be a rather severe remedy and contrary to the interests of justice; the matter has been in the federal court since it was removed by Safety and Gallagher in December of 1999, no jurisdictional issue was raised by VAS and Vozza when joined, as in <u>Gilberg</u>, <u>supra</u>, the matter is on the verge of trial, and statute of limitations issues may prove fatal if re-filing in state court is required.  While it would be of little value to either the courts or the parties to try a case where subject matter jurisdiction is a colorable issue, remand to the Superior Court of New Jersey, Law Division, Morris County, would provide the parties with one trial in the state court where the matter was first filed.

(Pls.' Br. in Opp'n to Mot. to Dismiss 10-11.)

undoubtedly clear that there is no longer 'perfect diversity' after plaintiffs' asserted direct claims against VAS and Vozza, because of the plaintiffs' citizenship in the State of New Jersey and VAS which, on information and belief, maintained its principal place of business in the State of New Jersey . . . ."  (Pls.' Br. in Opp'n to Mot. to Dismiss 6; Defs.' Reply 1-2.)  Defendants further contend that Plaintiffs' argument regarding the time of filing amounts to a waiver argument, which is without merit, because pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3).

As discussed above, despite seeking dismissal of Plaintiffs' Amended Complaint for failure to obtain federal jurisdiction, Defendants state in their Reply that they "have no objection to remand to the State Court if this Court deems remand to be the appropriate remedy in this action."  (Defs.' Reply 3.)

This Court may decide the issue of subject matter jurisdiction sua sponte.  See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("[W]hen a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper.") (citations omitted)). Pursuant to 28 U.S.C. § 1447(c), once divested of subject matter jurisdiction, the Court must remand this action.

10

## **<u>CONCLUSION</u>**

For the foregoing reasons, this Court concludes that it is divested of subject matter

jurisdiction.  Defendants' motion to dismiss is DENIED as MOOT, and this matter should be

REMANDED to the Superior Court of New Jersey, Law Division, Morris County.


Dated: October 21, 2005

 S/Joseph A. Greenaway, Jr.           
JOSEPH A. GREENAWAY, JR., U.S.D.J.
